16-2383-cv
Franchino v. Terence Cardinal Cook Health Care Ctr., Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand seventeen.

PRESENT:  PETER W. HALL,
                    CHRISTOPHER F. DRONEY,
                                *Circuit Judges*,
                    ALISON J. NATHAN,
                                *District Judge*.[*]

----------------------------------------------------------------------

MICHAEL FRANCHINO,

                    *Plaintiff-Appellant*,


                    v.                                                          No. 16-2383-cv


TERENCE CARDINAL COOK HEALTH CARE CENTER, INC.,
ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK, DBA
ARCHCARE,

                    *Defendants-Appellees*.

----------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:            MICHAEL D. DIEDERICH, JR., Stony Point, New York.


FOR DEFENDANTS-APPELLEES:            ERNEST R. STOLZER (Jessica C. Moller, *of counsel*), Bond, Schoeneck & King, PLLC, New York, New York.

---

[*] Judge Alison J. Nathan, United States District Court for the Southern District of New York, sitting by designation.

FOR AMICUS CURIAE:

ANNE NOEL OCCHIALINO, Attorney (P. David Lopez, General Counsel; Jennifer S. Goldstein, Associate General Counsel; Lorraine C. Davis, Assistant General Counsel, *on the brief*), Office of General Counsel, Equal Employment Opportunity Commission, Washington, D.C., *in support of Plaintiff-Appellant*.

Appeal from a June 16, 2016, judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** in part and **AFFIRMED** in part, and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Michael Franchino appeals from a judgment of the district court granting Defendants-Appellees' motion to dismiss. Franchino challenges the dismissal of his claims of unlawful discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq.*[1] We assume the parties' familiarity with the underlying facts, the record of the prior proceedings, and issues on appeal.

Franchino is a Caucasian US-born male who worked for Defendant-Appellee ArchCare for eight years as a human resources staff member. In 2014, Franchino was 67 years old, and his employment with ArchCare was terminated. In connection with his termination, Franchino brought suit in the United States District Court for the Southern District of New York, asserting claims of discrimination on the basis of age, sex, and national origin/ethnicity, as well as claims of retaliation. The amended complaint alleges that Franchino's coworkers and supervisors frequently made comments and jokes that evinced an age-based animus, that he was terminated on the basis of false allegations of misconduct because his superiors sided with a younger Hispanic female employee who wanted Franchino to be fired, and that he was replaced by a younger female employee.

---

[1] The amended complaint also asserted claims pursuant to the human rights laws of New York State and New York City. After dismissing Franchino's federal claims, the district court declined to exercise supplemental jurisdiction over these remaining claims.

2

The district court granted defendants' motion to dismiss, concluding that the amended complaint did not plausibly allege any discrimination claims and that Franchino had withdrawn his retaliation claims. On appeal, Franchino argues that the district court erred in dismissing his discrimination claims and that his retaliation claims should be reinstated.

We review the district court's dismissal of Franchino's claims *de novo*, accepting all factual allegations in the complaint as true and drawing all inferences in Franchino's favor. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306 (2d Cir. 2015). At the pleading stage, a plaintiff alleging discrimination bears only a "minimal burden to show discriminatory intent." *Id.* at 311; *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (noting that plaintiff in employment discrimination case has "minimal burden" at the pleadings stage). To survive a motion to dismiss under Rule 12(b)(6), "what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311. Thus, at the initial phase of the litigation, a plaintiff's allegations "need only give plausible support to a minimal inference of discriminatory motivation." *Id.*

"An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Id.* at 312 (internal quotation marks omitted). In addition, "an inference of discrimination also arises when an employer replaces a terminated or demoted employee with an individual outside the employee's protected class." *Id.* at 312–13.

Applying these standards, we conclude that Franchino's allegations are sufficient to state a claim with respect to age discrimination, but not with respect to sex or national origin/ethnicity discrimination. We also conclude that the district court did not err in deeming the retaliation claims withdrawn.

I.    **Age Discrimination Claims**

The amended complaint includes the following age-related allegations. As an individual over the age of 40, Franchino is a member of a protected class under the ADEA, *see* 29 U.S.C. § 631(a). He was replaced by a "much younger" employee, and the ArchCare personnel who were involved in Franchino's termination are "all substantially younger" than Franchino. App. 4, 7. Franchino was frequently the

subject of derogatory age-based cartoons, comments, emails, and jokes in the workplace, and his superiors (in the Human Resources Department) were aware of but did not take any action to stop this conduct—sometimes even joining in and participating themselves. When Franchino was subject to a human resources investigation over false allegations of workplace misconduct, he was denied certain procedural rights and protections (such as the right to representation during a disciplinary hearing) that were routinely granted to younger employees as a matter of departmental policy. Reading these allegations together, they satisfy Franchino's minimal burden of providing plausible support for a minimal inference of age-based discriminatory motivation.

Contrary to defendants' arguments, the "but-for" causation standard that applies to Franchino's ADEA claim does not affect the analysis on the facts alleged here. Although Franchino must ultimately prove that age was the "but-for cause" of his employer's adverse action in order to recover, *see Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009), the allegations in the amended complaint are sufficient at this stage to plausibly allege the discriminatory motivation required under the ADEA. *See Vega*, 801 F.3d at 86, 91 ("But-for causation does not . . . require proof that [the protected characteristic] was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the [prohibited] motive." (alterations and internal quotation marks omitted)).

## II. Sex and National Origin/Ethnicity Discrimination Claims

By contrast, we agree with the district court that the facts alleged in the complaint do not plausibly support even a minimal inference of discriminatory motivation on the basis of sex or national origin/ethnicity. The primary support for these claims comes from the allegations regarding Mercado, a co-worker Franchino had been assigned to monitor following complaints from employees in Mercado's department. The amended complaint alleges that Mercado's supervisor wanted her disciplined or terminated, but human resources officials supported Mercado. It is also alleged that, in an effort to save her job, Mercado falsely accused Franchino of sexually harassing a female employee. Franchino contends that his superiors treated Mercado more favorably because she was a "much younger Hispanic woman." App. 5. With respect to the sex discrimination claim in particular, the complaint alleges that Franchino was replaced by a female employee.

Taken together, these allegations do not sustain Franchino's "minimal" burden to show discriminatory intent. *Littlejohn*, 795 F.3d at 311. The complaint provides no reason to conclude that Franchino's supervisors, Hill and Pizzarro, were motivated by discrimination on the basis of sex or ethnicity/national origin. On the facts alleged, Mercado was concerned that she may lose her job, so she acted vindictively toward

4

Franchino—not because of his membership in any protected classes, but because she perceived him as threatening her continued employment.

As to Franchino's sex discrimination claim, the allegation that he was replaced by a female employee is not enough to make his claim plausible in the particular circumstances of this case. Franchino is correct that we have stated, as noted above, that an inference of discrimination may arise when an employer replaces a terminated employee with an individual outside the employee's protected class. *See id.* at 312–13. However, for the purposes of 12(b)(6) analysis, we may not consider a particular allegation in isolation; instead, we must consider whether the "factual content" in a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Considering the replacement allegation in light of the rest of the complaint, any suggestion of discriminatory motivation is undercut by the allegations that Mercado acted out of vindictiveness and self-preservation. Franchino therefore has not alleged a plausible claim of sex discrimination.

## III. Retaliation Claims

Finally, we identify no error in the district court's determination that Franchino withdrew his retaliation claims. As the district court noted, Franchino's opposition to defendants' motion to dismiss explicitly stated: "In the interest of judicial economy, Plaintiff hereby withdraws his legal claims of retaliation." Suppl. App. 44. Moreover, Franchino's opposition did not address any of defendants' legal arguments regarding retaliation, further confirming that the claims had been withdrawn. Because Franchino has offered no argument on appeal as to why he should be permitted to pursue claims that he expressly withdrew below, we decline to reinstate his retaliation claims.

\* \* \*

We have considered Franchino's remaining arguments and conclude that they are without merit. Accordingly, we **VACATE** the judgment of the district court as to Franchino's age discrimination claim; we **AFFIRM** the judgment of the district court as to Franchino's sex and national origin/ethnicity discrimination claims and as to his retaliation claims; and we **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5